UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINA GILLMORE HESINGTON ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ACADEMY COLLECTION SERVICES, INC. ) <br> ) <br> Defendant. ) | Case Number <br><br><br> CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Regina Gillmore Hesington, by and through her undersigned counsel, Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Regina Gillmore Hesington (hereinafter "Plaintiff"), is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

OCT 03 2008

3. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Regina Gillmore Hesington, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 57 Roundwood Lane, Levittown, Pennsylvania 19055.

5. Defendant, Academy Collection Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 10965 Decatur Road, Philadelphia, Pennsylvania 19054.

6. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On May 29, 2008, defendant called plaintiff at home and plaintiff's mother answered. Defendant's agent, Amanda Brady, told plaintiff's mother that she was from City Mortgage, which is plaintiff's mortgage company.

8. Ms. Brady then advised plaintiff's mother that "they" had a claim against plaintiff's home and that she needed to return Amanda Brady's call immediately.

9. Plaintiff's mother immediately called plaintiff at work and told her about the call. When plaintiff spoke to Amanda Brady, Ms. Brady told plaintiff to enter a hardship program she would have to pay $800 right away

10. When plaintiff informed Ms. Brady she was unable to pay $800, Ms. Brady told plaintiff she had to transfer her to "our legal department", whereupon plaintiff spoke to Brian Andrews. He told plaintiff defendant would not work through a credit repair service and if she did not pay immediately he would "process" a lawsuit against her in the "State of Pennsylvania".

11. Plaintiff was so upset by the threat, which she assumed to be from a lawyer – based on Ms. Brady's misleading and deceptive statement about a legal department – that she provided Mr. Andrews all of her checking account information over the telephone.

12. Plaintiff informed a credit repair agency with whom she was working previously of what happened and they advised her that they had already obtained an agreement from the original creditor relative to the outstanding credit card debt, and defendant should not be paid anything.

13. Defendant violated the FDCPA by lying to plaintiff's mother and misrepresenting itself as a mortgage company, when it was a debt collector, in order to deceive and scare plaintiff into thinking her home would be sold to pay a minor credit card debt. Indeed, defendant expressly stated that it had a claim against her house, when it knew it did not. A lawsuit was never filed and a judgment was never entered and thus a lien never initiated.

14. Moreover, defendant sought to coerce plaintiff into paying the credit card debt by deceiving her into thinking the "mortgage company" had a legal department with actual lawyers working there. Thus, when plaintiff was transferred to the fictitious legal department of defendant debt collector, she assumed the threat of a lawsuit being filed,

made intentionally by Mr. Andrews, was credible because he was from the legal department, and thus a lawyer. In truth and in fact, Brian Andrews is not a lawyer and does not work in a legal department. He is a debt collector who works for defendant.

15. The entire tag-team scenario was nothing more than a deliberate scheme to harass, intimidate and deceive plaintiff into paying a minor credit card debt. The acts of defendant's agents constitute violations of the FDCPA.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

16. The above paragraphs are hereby incorporated herein by reference.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. 15 U.S.C. 1692e(10), in that Defendant used false representations or deceptive means to collect or attempt to collect the alleged debt as stated more clearly above.

    b. 15 U.S.C. 1692e(11), in that Defendant failed to state in a series of telephone calls that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

    c. 15 U.S.C. 1692d, in that Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to 73 P.S. § 201-9.2.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant and Order the following relief:

   a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

   b. Actual damages;

   c. Statutory damages pursuant to 15 U.S.C. §1692k;

   d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

   e. Such addition and further relief as may be appropriate or that the interests of justice require.

### COUNT II
### VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.

19. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

20. The collection of debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. §2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S. 201-1 et seq. ("UTPCPL"). Defendant is a "debt collector" pursuant to 73 Pa. C.S. §2270.3.

21. The alleged debt Defendant was attempting to collect is a "debt" as defined by 73 Pa C.S. §2270.3

23. The FCEUA proscribes, <u>inter alia</u>, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

24 The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

25. Violations of the FDCPA is a <u>per se</u> violation of the FCEUA and the UTCPL.

26. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

27. By virtue of the violations of law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble attorneys' fees and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of suit; and

d. Such additional relief as is deemed just and proper, or that the interests of justice may require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. §201-1 et seq.

28. The foregoing paragraphs are incorporated herein by reference.

29. Plaintiff and Defendant are "Person[s]" pursuant to 73 Pa. C.S. §201-2.

30. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices" either at, prior to, or subsequent to a consumer transaction.

31. The actions of Defendant, as aforesaid, constitute unfair or deceptive acts and practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiff the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S> §201-3.1;

   b. Defendant engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL;

32. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

33. By virtue of the violations of law as aforesaid, and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE,** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

      i.      An Order declaring that Defendant violated the UTPCPL;

      ii.     Actual damages;

      iii.    Treble damages;

      iv.    An award of reasonable attorney's fees and expenses and costs of suit; and

      v.     Such addition relief as is deemed just and proper, or that the interests of justice may require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN, VULLINGS & VASSALLO, LLP**

Date: 09/29/08      BY:   /s/Bruce K. Warren
Bruce K. Warren
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff